**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF NEW JERSEY**

THE MENDHAM METHODIST
CHURCH; and THE ZION LUTHERAN
CHURCH LONG VALLEY,

        Plaintiffs,

v.                                                                          Case No. 2:23-cv-02347

MORRIS COUNTY, NEW JERSEY;
MORRIS COUNTY BOARD OF COUNTY
COMMISSIONERS; MORRIS COUNTY
HISTORIC PRESERVATION TRUST
FUND REVIEW BOARD; and
JOHN KRICKUS, in his official capacity
as Commissioner Director for the Morris
County Board of County Commissioners,

        Defendants.

---

**BRIEF IN SUPPORT OF INTERVENTION**

---

## I.   <u>INTRODUCTION</u>

The Freedom From Religion Foundation, Inc. ("FFRF"), and David Steketee ("Movants"),

request to intervene in this matter in order to protect rights previously established by the Supreme

Court of New Jersey in *Freedom From Religion Foundation v. Morris County Board of Chosen*

*Freeholders, et al.,* 181 A.3d 992 (N.J. 2018). The New Jersey Supreme Court held that the

Religious Aid Clause of the New Jersey Constitution prohibits taxpayer funds from the Morris

County Historic Preservation Trust Fund from being used to repair and restore churches. That

decision by the New Jersey Supreme Court is now challenged by the Plaintiffs in this action, in

which they seek a declaration that application of the Religious Aid Clause to the Historic

Preservation Trust Fund violates the Free Exercise Clause of the First Amendment and the Equal

Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, insofar as they exclude religious organizations from eligibility for funds to repair or maintain churches.

The Movants request to intervene as a matter of right and/or by permission pursuant to FRCP 24(a) and (b). The Movants' rights have previously been determined, which rights the pending lawsuit seeks to abrogate. The Movants' rights could not more clearly be adversely affected than by the relief Plaintiffs seek in this case. The Movants, accordingly, have the right to be heard in defense of their rights—and they should be heard.

## II.    THE MOVANTS SATISFY THE REQUIREMENTS FOR INTERVENTION AS A MATTER OF RIGHT.

FRCP 24(a)(2) requires the court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." If a person is not given an unconditional right to intervene by a federal statute, then a prospective intervenor must establish that: (1) The application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3rd Cir. 2005). In determining whether intervention is appropriate under FRCP 24(a), moreover, courts liberally construe the requirements "in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992).

The Movants satisfy the requirements for intervention as a matter of right under FRCP 24(a)(2). In the first place, this motion is timely as the proceeding is still in its early stages. This action was commenced on April 28, 2023, followed by a First Amended Complaint filed on July

14, 2023. (ECF 11). At this time, therefore, the Defendants still have not filed an answer, although the named parties have recently stipulated to dispense with the obligation to file an answer. (ECF 13). Instead, the named parties have stipulated to proceed directly to summary judgment, i.e., with Plaintiffs' Memorandum in Support of Summary Judgment to be filed by August 11, 2023. The Defendants then are scheduled to file a Combined Memorandum in Support of their own Cross-Motion for Summary Judgment and Opposing Plaintiffs' Motion by September 22, 2023.   The Movants do not yet know to what facts the named parties may stipulate and cannot comment thereon.

The Movants also satisfy the second requirement for intervention as a matter of right. They clearly have an interest that is specific to them, is capable of definition and will be directly affected in a substantially concrete fashion by the relief sought in the pending action. Their interest is not remote or attenuated. *Kleissler v. U.S. Forrest Service*, 157 F.3d 964, 972 (3rd Cir. 1998). Their interest is not simply one of general and indefinite character. *Commonwealth of Pennsylvania v. President United States of America,* 888 F.3d 52, 58 (3rd Cir. 2018).

Here, the Movants have a judgment in their favor, upheld by the New Jersey Supreme Court, that may be directly affected by the relief that Plaintiffs seek in this case. *See FFRF v. Morris Cnty. Bd. of Chosen Freeholders,* 181 A.3d 992 (N.J. 2018). The Plaintiffs' Complaint and First Amended Complaint expressly seek a determination that the decision by the New Jersey Supreme Court is wrong, and while that decision was not reviewed by the United States Supreme Court by certiorari, the Plaintiffs essentially now seek a review of that decision by this court. Thus, the Movants clearly have a sufficient interest in the underlying litigation to support intervention as a matter of right. In fact, although a party seeking intervention as a matter of right must meet all four requirements, "a very strong showing that one of the requirements is met may

result in a lesser showing of another requirement." *Harris v. Bernsley*, 820 F.2d 592, 596, n. 6 (3rd Cir. 1987). In this case, the potential effect of this action on the Movants' previously established rights constitutes such a "strong showing."

The potential disposition of this action presents an obvious threat to the Movants' interests that will be impaired or affected. If the Plaintiffs in this action prevail, then the decision by the New Jersey Supreme Court in favor of the Movants will effectively be overruled. Without intervention, therefore, the Movants could lose their rights without being heard in defense thereof.

Finally, the Movants' interests are not adequately represented by any of the named parties. The Plaintiffs obviously assert claimed rights in direct contravention of the Movants' interests, while the Defendants in this action were defendants in the action decided by the New Jersey Supreme Court. In that prior action, the Defendants vigorously argued the position that the Plaintiffs' now take in the present action, after they first tried to remove to federal court, which attempt was denied. *See FFRF v. Morris Cnty. Bd. of Chosen Freeholders*, No. 16-cv-185, 2016 WL 1070594 (D.N.J. Mar. 18, 2016) (order granting remand to N.J. Super. Ct.). The Defendants also filed for certiorari review with the United States Supreme Court to have the New Jersey Supreme Court decision overturned on the basis of the Free Exercise Clause, but the U.S. Supreme Court denied certiorari, with Justice Kavanaugh writing a concurring opinion that said certiorari was not appropriate, in part, because "first, the factual details of the Morris County Program are not entirely clear." *Morris Cnty. Bd. of Chosen Freeholders v. FFRF*, 139 S.Ct. 909, 911 (Mar. 4, 2019) (mem.). Justice Kavanaugh also explained that "there is not yet a robust *Post-Trinity Lutheran* body of case law in the lower courts on the question whether governments may exclude religious organizations from general historic preservation grants programs." *Id.* Then,

upon remand to the New Jersey Superior Court for final resolution of the case, the Defendants filed a separate lawsuit against the plaintiffs in federal court on April 12, 2019, asking the district court to enjoin the state court's resolution of a motion for attorneys' fees and to enter an order permitting Morris County to disburse funds to religious institutions under the grant program. *See Morris Cnty. Bd. of Chosen Freeholders v. FFRF*, No. 2:19-cv-09776 (D.N.J. Apr. 12, 2019). The district court dismissed Morris County's federal case under the *Rooker-Feldman* Doctrine. *See id.*, Dkt. 22 at 2–3 (Dec. 6, 2019).

Although the Defendants may now ostensibly oppose the Plaintiffs' Free Exercise, Equal Protection and Due Process claims, their interests are not the same as the interest of the Movants. The Defendants may superficially defend this action on the basis of the need to comply with the controlling ruling of the New Jersey Supreme Court, but that interest is distinct from the underlying substantive interests of the Movants protected by the Religious Aid Clause of the New Jersey Constitution, as well as the Establishment Clause to the United States Constitution. The Defendants' difference in perspective already is suggested by the stipulation of the parties to dispense with an answer and proceed directly to consideration of dispositive motions. Thus, while the Defendants may have determined that their interests would not be served by discovery, the Movants' interests would be prejudiced by foregoing discovery, which would allow the Movants to determine how the Defendants' present policies accord with the prior order of the Supreme Court of New Jersey and with the Religious Aid Clause of the New Jersey Constitution.

In the final analysis, therefore, intervention as a matter of right is mandated by FRCP 24(a)(2). The Plaintiffs seek to take away the Movants' rights previously determined by the New Jersey Supreme Court. Thus, the right and opportunity to defend their rights is incumbent under FRCP 24(a)(2). Fairness alone, moreover, compels intervention as a matter of right.

III.   **THE REQUIREMENTS FOR PERMISSIVE INTERVENTION ALSO ARE SATISFIED.**

The Movants also satisfy the standard for permissive intervention under FRCP 24(b). Permissive intervention is appropriate as to persons who have a claim or defense that shares with the main action a common question of law or fact. The decision whether to grant permissive intervention is a matter within the court's broad discretion. *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3rd Cir. 1992); *Conforti v. Hanlon*, 2023 WL 2744020 *4 (D.N.J. 2023). In exercising such discretion, courts consider various factors, including whether the intervenors will add anything to the litigation and whether the intervenors' interests are already represented in the litigation. *Id.*, citing *Worthington v. Bayer Health Care, LLC*, 2011 WL 6303999, *8 (D.N.J. 2011). Finally, when considering whether to allow permissive intervention, the court also considers whether intervention will unduly delay the adjudication of the original parties' rights. FRCP 24(b)(3).

The Movants' interests obviously include questions of law that are common to the present action. In addition, the Movants bring a wealth of specialized experience to the case in dealing with rights within the scope of the various state and federal Religion Clauses. The Movants have already successfully litigated the very questions of law at issue in the prior action decided by the New Jersey Supreme Court. In addition, FFRF, one of the Movants, is a non-profit membership organization whose very purpose is to advocate for the separation of state and church and educate on matters of nontheism. FFRF is the nation's largest free thought association with more than 40,000 members, and in furtherance of its purpose, FFRF has been involved in countless state/church matters on behalf of its members and the public, through litigation, education, and other persuasive advocacy. FFRF's legal accomplishments, moreover, have ended a wide range of First Amendment violations. *See* https://ffrf.org/legal/challenges/highlighted-court-successes.

FFRF's intervention will provide a helpful understanding of the legal issues in this case, but also, FFRF will provide a perspective not presently represented. As discussed above, the Plaintiffs do not represent the Movants' interests, nor do the Defendants represent the substantive interests and perspectives of the Movants. The Defendants were previously defendants in the prior action establishing the Movants' rights. Now, the Defendants are interested in justifying their actions as mandated by the prior court decision, but they do not share the same interests protected by the New Jersey Religious Aid Clause, as well as the Establishment Clause of the First Amendment.

Finally, intervention will not delay or prejudice the proper adjudication of claims between the named parties in this litigation. The Movants seek intervention at an early stage of this case, prior to when the Defendants' answer was originally due. The Movants *do* contend that proper adjudication of the claims advanced by the Plaintiffs will require discovery in order to uncover how the Defendants actions have accorded with the New Jersey Religious Aid Clause and the prior order of the Supreme Court of New Jersey. To that end, if the Movants' motion to intervene is granted, they intend to file immediately a motion to restore the previous schedule, which will allow for a brief period for discovery. This will undoubtedly delay resolution of this matter in the strictest sense, as it will alter the highly truncated schedule on which the named parties have agreed. But undergoing a brief period of discovery and otherwise adhering to the normal course of litigation will not prejudice the named parties' interests, and will protect the Movants' interests secured in their prior action.

The requirements for permissive intervention, in short, are satisfied. In particular, the Movants would provide valuable perspective and insights on the issues before the court, which are common to the Movants' interest in rights previously established.

## IV.     CONCLUSION.

For all the above reasons, therefore, the Motion to Intervene should be granted as a matter of right and/or permission, pursuant to FRCP 24(a) and (b). The pending litigation is essentially an adjudication of the Movants' rights previously established, but those rights are at risk to be taken away in their absence in this "do over" action. The Movants should be parties to such an adjudication.

Dated this 10th day of August, 2023.

*/s/ Paul S. Grosswald*
Paul S. Grosswald
98 W. End Avenue
Summit, New Jersey 07901-1222
Telephone:   917-753-7007
Email: pgrosswald@hotmail.com

Richard L. Bolton
Boardman Clark
Wisconsin State Bar No.    1012552
1 South Pinckney Street, Suite 410
P. O. Box 927
Madison, WI 53701-0927
Telephone:   608-257-9521
Facsimile:   608- 283-1709
*Pro hac vice motion forthcoming*

Attorneys for Intervenors

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 10, 2023, a true and correct copy of the foregoing was filed with the Clerk of Court electronically using the Court's CM/ECF system. I certify that all participants in this case are registered CM/ECF users, and that service will be accomplished by the CM/ECG system.

*/s/ Paul S. Grosswald*
Paul S. Grosswald