

# State of New Jersey

| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET | MATTHEW J. PLATKIN<br>*Attorney General* |
|---|---|---|
| TAHESHA L. WAY<br>*Lt. Governor* | PO BOX 112<br>TRENTON, NJ 08625 | MICHAEL T.G. LONG<br>*Director* |

February 26, 2024

The Honorable Evelyn Padin, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re: Defendant-Intervenor's Request for a Pre-Motion Conference in *Mendham Methodist Church et al. v. Morris County, New Jersey et al.*, No. 23-CV-2347

Dear Judge Padin:

      Pursuant to Section II(E)(i) of Your Honor's "General Pretrial and Trial Procedures," Defendant-Intervenor the New Jersey Attorney General (Attorney General), writes to request a conference to discuss its anticipated motion requesting that this Court abstain under the *Pullman* doctrine. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500-01 (1941). Although the Attorney General anticipates seeking abeyance rather than outright dismissal, the Attorney General understands such a motion to still fall under Section II(E)(i). *See also* Op., ECF 33 at 7 n.5.

      This case involves both federal- and state-law questions. Plaintiffs primarily seek a declaration that the New Jersey Constitution's Religious Aid Clause, N.J. Const art. 1, ¶ 3 (RAC)—as most recently interpreted by the New Jersey Supreme Court in *Freedom From Religion Foundation v. Morris County. Board of Chosen Freeholders*, 181 A.3d 992 (N.J. 2018) (*FFRF*)—is unconstitutional under the federal Free Exercise Clause, as most recently interpreted by the U.S. Supreme Court in *Carson v. Makin*, 596 U.S. 767 (2022), and *Espinoza v. Mont. Dep't of Revenue*, 140 S. Ct. 2246 (2020). *See, e.g.*, Am. Compl., ECF 11 at 48. In other words, assuming the facts as alleged, resolving this case on the merits would require interpreting both the federal Free Exercise Clause and the state RAC, to see whether there is indeed a conflict.

      State courts typically construe state law to harmonize with federal law, and New Jersey law is particularly strong on this point. Thus, when the New Jersey Supreme Court interpreted the RAC in *FFRF*, it took pains to ensure that its interpretation was consistent with the federal Free Exercise Clause, in light of the federal jurisprudence available at the time. *See* 181 A.3d at 1006.



That interpretive approach is baked into New Jersey law: "whenever possible," New Jersey courts "avoid interpreting a legislative enactment in a way that would render it unconstitutional," *State v. Fortin*, 969 A.2d 1133, 1139 (N.J. 2009), and, "[w]hen necessary, … have engaged in 'judicial surgery' to save an enactment that otherwise would be constitutionally doomed," *State v. Natale*, 878 A.2d 724, 740 (N.J. 2005). These principles make sense: when, for instance, a state law has been challenged under the Federal Constitution, a New Jersey court embraces the assumption that the Legislature, as the embodiment of the people, "would want [it] to" adopt an interpretation "that conforms to the Constitution." *State v. Pomianek*, 110 A.3d 841, 855 (N.J. 2015).

In a complementary way, federal courts typically allow state courts to resolve relevant questions of state constitutional interpretation in the first instance. "State courts," of course, "alone can define and interpret state law." *Schlesinger v. Councilman*, 420 U.S. 738, 755 (1975). Accordingly, federal courts' "scrupulous regard" for that state-court prerogative, as well as the "smooth working of the federal judiciary," often militates in favor of giving state courts the first opportunity to speak to state-law questions that could simplify (or even dispose of) a given dispute. *See Pullman*, 312 U.S. at 501 (citation omitted). More specifically, abstention is generally appropriate under the *Pullman* doctrine when "three special circumstances" exist:

(1) Uncertain issues of state law underlying the federal constitutional claims brought in federal court;
(2) State law issues amenable to a state court interpretation that would obviate the need for, or substantially narrow, the scope of adjudication of the constitutional claims;
(3) A federal court's erroneous construction of state law would be disruptive of important state policies.

*Chez Sez III Corp. v. Twp. of Union*, 945 F.2d 628, 631 (3d Cir. 1991). If all three circumstances are present, "absent significant reasons to the contrary, abstention is generally proper." *Id.* at 633 (citation omitted).

Here, as the Attorney General anticipates arguing, all the relevant considerations weigh in favor of *Pullman* abstention. The first two special circumstances are met because there are underlying, uncertain questions of state law whose answers could change (or obviate) Plaintiffs' federal claims. After all, as *FFRF* itself exemplifies, the New Jersey Supreme Court regularly construes state law—including the State Constitution—to harmonize with the Federal Constitution. *E.g.*, *FFRF*, 181 A.3d at 1006; *see also supra* at 1. If Plaintiffs are correct in arguing that the federal-law backdrop has changed, then, as a matter of state law, the proper state-court interpretation of the RAC may have changed too.

*Pullman*'s third special circumstance is also met, because the course Plaintiffs urge invites an unnecessary collision between state and federal law. Everyone agrees that neither this Court nor the New Jersey Supreme Court can countermand the other's interpretation of the Free Exercise Clause, *e.g.*, *Lockhart v. Fretwell*, 506 U.S. 364, 376 (1993) (Thomas, J., concurring), and that the New Jersey Supreme Court itself interpreted the Free Exercise Clause in *FFRF*, *see* 181 A.3d at 1005-12. Yet if this Court were to grant Plaintiffs the relief they seek under the Free Exercise Clause, Morris County and other public entities across New Jersey would be put to the impossible



choice of either (1) violating this Court's decision interpreting the Free Exercise Clause, or else (2) violating the New Jersey Supreme Court's decision in *FFRF* that *also* interpreted the Free Exercise Clause (and the RAC). Such an irreconcilable conflict between the decisions of coequal courts would harm the state and local entities bound (but unable) to follow the decisions of both, as well as the broader principles of federalism and comity underlying our dual-sovereign system—which helps explain why courts routinely leverage the same principles to avoid other, similarly intractable conflicts between the decisions of state and federal courts. *E.g.*, *Gottfried v. Med. Plan. Servs., Inc.*, 142 F.3d 326, 330-31 (6th Cir. 1998).

Abstention would not produce delay. The case is still in an "early stage," with the Court not yet having "ruled on any substantive issue." *See* ECF No. 33 at 5 (addressing timeliness of motion to intervene). And Plaintiffs are free to pursue efficient resolution of the underlying state-law issue within the state courts using existing procedural tools. *See, e.g.*, N.J. Ct. R. 2:12-1, -2.

Accordingly, the Attorney General respectfully requests a pre-motion conference. Should the parties not be able to resolve these concerns at such a conference, or should the Court decide not to hold such a conference, the Attorney General anticipates filing a motion asking this Court to abstain under *Pullman* and therefore to stay this case "pending determination of the state-law questions in state court." *Harris Cnty. Com'rs Court v. Moore*, 420 U.S. 77, 88 n.14 (1975).

Undersigned counsel has conferred with counsel for Plaintiffs and counsel for the Morris County Defendants regarding a potential briefing schedule, and counsel for Plaintiffs has indicated that Plaintiffs intend to seek preliminary relief. In the event that these motions proceed, the parties would jointly propose the following briefing schedule, to run from either the time a pre-motion conference fails to resolve the dispute or the time that the Court provides notice that it has determined that such a conference would not be helpful:

- 30 days for the Attorney General to file a *Pullman* motion (limited to 40 pages);
- 45 days for Plaintiffs to oppose the *Pullman* motion and to cross-move for a preliminary injunction (limited to 55 pages);
- 45 days for the Attorney General to file a reply regarding the *Pullman* motion and to oppose the cross-motion for a preliminary injunction (limited to 55 pages);
- 21 days for Plaintiffs to file a reply regarding the cross-motion for a preliminary injunction (limited to 15 pages).

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:    /s/ Michael L. Zuckerman
       Michael L. Zuckerman (NJ No. 427282022)
       Deputy Solicitor General

cc:    all counsel via ECF

