

ROSELLI GRIEGEL LOZIER, P.C.

*Attorneys at Law*     1337 State Highway 33 ▪ Hamilton Square, NJ 08690
Phone (609) 586-2257 ▪ Fax (609) 586-2476

March 4, 2024

<u>VIA ECF</u>

The Honorable Evelyn Padin
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    ECF 40, Intervenor's Request for Pre-Motion Conference
               *Mendham Methodist Church et al. v. Morris County et al.*, No. 2:23-cv-2347

Dear Judge Padin:

The New Jersey Attorney General has requested a pre-motion conference to discuss his intent to file a motion to dismiss or to stay this case based on *Pullman* abstention. ECF 40. The Plaintiff Churches do not object to a pre-motion conference if the Court would find it useful. But the proposed motion lacks merit. None of the three prerequisites for discretionary *Pullman* abstention is met for the fundamental reason that there is no open question of state law for this Court or any other to answer in resolving the Churches' claims. This is no "exceptional case[]" and there is no dispute that this Court has federal-question jurisdiction; it should fulfill its "virtually unflagging obligation to exercise [that] jurisdiction." *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886, 890–91, 896 (3d Cir. 2022) (internal quotation marks and citations omitted).

As the Attorney General notes, the parties have agreed to a briefing schedule for the Attorney General's motion and the motion for preliminary injunction the Churches intend to file. Before the intervention motions were filed, the Churches and Morris County had agreed to, and the Court had entered, a schedule for resolving Plaintiffs' claims at summary judgment. *See* ECF 13, 15. Given that the Attorney General now seeks to hold this case in abeyance and, failing that, to seek discovery, the Churches face protracted harm from the ongoing violation of their constitutional rights and will seek preliminary injunctive relief on the agreed schedule.

I.      **Background**

Through its Historic Preservation Trust Fund, Morris County provides grants to restore historic buildings. Am. Compl., ECF 11 ¶ 2. The County excludes otherwise-eligible buildings used for religious purposes, no matter how historic or how in need of repair. *Id.* ¶¶ 75–76. That policy follows a decision of the New Jersey Supreme Court concluding that providing preservation funds to churches violates the "plain language" of the New Jersey Constitution's Religious Aid Clause. *FFRF v. Morris Cnty. Bd. of Chosen Freeholders*, 181 A.3d 992, 1005 (N.J. 2018). Enforcing that rule, Morris County rejected Plaintiffs' applications for grant funds, explaining that

Plaintiffs are "ineligible" because their buildings are "currently used for religious purposes or functions." ECF 11 ¶¶ 5, 16–17.

The Churches contend in this lawsuit that the Federal Constitution's First Amendment prohibits the County's policy as a matter of law, given that States may not "exclude religious persons from the enjoyment of public benefits on the basis of their anticipated religious use of the benefits." *Carson v. Makin*, 596 U.S. 767, 789 (2022). To promptly resolve that ongoing First Amendment injury, the Churches and Morris County agreed to stipulated facts and the Court entered an agreed summary judgment briefing schedule to conclude in October 2023. ECF 13, 15. After the New Jersey Attorney General and the Freedom From Religion Foundation filed intervention motions, the Court "administratively terminated" the Churches' pending summary judgment motion. ECF 19. The New Jersey Attorney General, now a party, seeks to dismiss or hold this case in abeyance without addressing the federal merits.

## II.   Argument

A court has discretion to abstain under *Pullman* only in "a narrow range of special cases." *United States v. City of Pittsburgh*, 757 F.2d 43, 45 (3d Cir. 1985). As the Attorney General agrees, the Court "must find" that (1) "uncertain issues of state law underlie" the federal claims; (2) the state law is "amenable to a state court interpretation that would obviate the need for, or substantially narrow" the federal issue; and (3) that an "erroneous construction of state law" would disrupt "important state policies." *Artway v. Att'y Gen. of N.J.*, 81 F.3d 1235, 1270 (3d Cir. 1996). Each condition must be met for a court to proceed to "consider whether abstention is appropriate." *Id.* None is present here.

*First*, "there is no uncertain question of state law." *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984). The County's rules plainly exclude properties "used for religious purposes or functions," Fund Rule § 5.6.4, and the New Jersey Supreme Court has authoritatively construed the New Jersey Constitution to prohibit such funding, concluding that the "plain language" of the Religious Aid Clause commanded that interpretation, *FFRF*, 181 A.3d at 1004. Both the clear text of the Religious Aid Clause and the New Jersey Supreme Court's prior construction of it foreclose abstention here. *City of Houston v. Hill*, 482 U.S. 451, 469 (1987) (where state law "is not ambiguous, there is no need to abstain"); *Kusper v. Pontikes*, 414 U.S. 51, 55–56 (1973) (district court "wholly justified in declining to abstain" where argument was "foreclosed" by Illinois Supreme Court decision).

*Second*, no narrowing construction of the New Jersey Religious Aid Clause is available to avoid the federal claims. The New Jersey Supreme Court found no limiting construction of the Religious Aid Clause plausible, *FFRF*, 181 A.3d at 1004–06, and the Attorney General does not suggest one. Nor is there reason to think that the New Jersey Supreme Court would discover such an interpretation in a new suit; New Jersey courts do not apply constitutional avoidance to rewrite unambiguous laws. *State v. Pomianek*, 110 A.3d 841, 855 (N.J. 2015). And even if they did, federal courts "may not properly ask a state court if it would care in effect to rewrite" state law. *Hill*, 482 U.S. at 471. The Attorney General acknowledges that the only basis for "chang[ing]" "the proper state-court interpretation of the [Religious Aid Clause]" comes from federal law. ECF 40 at 2. But "abstention is not required for interpretation of parallel state constitutional provisions" even to "obviat[e]" the federal question by adopting current federal law. *Midkiff*, 467 U.S. at 237 n.4.

Awaiting a second pass from the New Jersey Supreme Court would be particularly odd since its prior opinion post-dated *Trinity Lutheran*, whose logic the U.S. Supreme Court found controlled its decision in *Carson*. 596 U.S. at 781–782 (citing *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449 (2017)).

*Third*, a ruling from this Court would not disrupt important state policies via an "erroneous construction of state law." ECF 40 at 2. A ruling for the Churches would apply the New Jersey Supreme Court's definitive construction of state law. It would require only that the County provide equal access to public funds for historic buildings used for religious purposes as it did for years, ECF 11 ¶ 77, confirming that any disruption of the County program would be "minimal," *City of Pittsburgh*, 757 F.2d at 45. And the Attorney General identifies no potential disruption of any *state* programs. He points only to the prospect of disagreement between this Court and the state courts on *federal* law. But this Court does not "require[] that a state court's interpretation of federal law give way" by fulfilling its own independent obligations to exercise federal-question jurisdiction and apply Supreme Court precedent. *Lockhart v. Fretwell*, 506 U.S. 364, 376 (1993) (Thomas, J., concurring); *cf.* ECF 40 at 2. And the Supreme Court has made clear that the "protracted and expensive" path of "*Pullman* abstention," is less desirable than others, including certification from any appeal as necessary. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 76 (1997).

Even if all three special circumstances existed here—and not one does—this is a poor case for abstention. *First*, the Churches rely on federal law, and federal courts must "give due respect" to the "choice of a federal forum." *Zwickler v. Koota*, 389 U.S. 241, 248 (1967). *Second*, abstention is "particularly" disfavored in "facial challenges based on the First Amendment." *Hill*, 482 U.S. at 468. *Third*, abstention is disfavored where, as here, delay resulting from litigation through all levels of the New Jersey courts would prolong the Churches' federal First Amendment injury and the practical deterioration of their historic buildings. *See Artway*, 81 F.3d at 1270; *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (per curiam) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quotation omitted)).

                Respectfully submitted,

                /s/ Mark M. Roselli
                Mark M. Roselli (NJ No. 038431988)
                Roselli Griegel Lozier, P.C.

cc: All Counsel of Record (via ECF)