# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE MENDHAM METHODIST CHURCH; and THE ZION LUTHERAN CHURCH LONG VALLEY, <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS COUNTY, NEW JERSEY et al., <br><br> Defendants; <br><br> ATTORNEY GENERAL of NEW JERSEY, <br><br> Intervenor-Defendant. | Civil Action No. 2:23-cv-02347 <br><br> Hon. Evelyn Padin, U.S.D.J. <br><br> (*Document Electronically Filed*) <br><br> **Motion of the Jewish Coalition for Religious Liberty for Leave to Appear and File Brief as *Amicus Curiae* in Support of Plaintiffs' Motion for Preliminary Injunction** <br><br> Motion Day: July 15, 2024 |

The Jewish Coalition for Religious Liberty (JCRL) respectfully moves for leave to appear and file a brief as *amicus curiae* in support of Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 49). A copy of the brief is attached to this motion.[1]

---

[1] Plaintiffs and Defendant Morris County consented to the filing of the brief. Defendant-Intervenor State of New Jersey took no position on the request to file an amicus brief. The brief was not authored in whole or in part by any party or counsel to a party. No person other than the

1

# ARGUMENT

## I. This Court has broad discretion to grant interested non-parties leave to file a brief as *amicus curiae.*

This Court has "broad discretion" to permit a non-party to participate as *amicus curiae. United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). "The classic role of an amicus curiae is to assist in a case of general public interest, to supplement the efforts of counsel, and to draw the court's attention to law that might otherwise escape consideration." *Id.* (quotation omitted). Because the Federal Rules of Civil Procedure do not provide a mechanism by which a non-party may file an *amicus* brief in federal district courts, courts in this district rely on Federal Rule of Appellate Procedure 29 for guidance. *Id.*; *see also Acra Turf Club, LLC v. Zanzuccki*, 2014 WL 5465870, at *5-6 (D.N.J. Oct. 28, 2014) (citing *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128 (3d Cir. 2002)). That rule requires the non-party to demonstrate its

---

proposed *amicus curiae*, its members, or its counsel contributed money that was intended to fund preparing or submitting this brief.

    Although this motion indicates a July 15 return date in compliance with local rules, proposed *amicus* does not request a hearing on this matter, particularly as no party has indicated that it opposes this request. If this Court determines that a hearing is appropriate, proposed *amicus* respectfully requests that the Court set such a hearing on any date that the Court finds appropriate.

"interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3); *see also Neonatology Associates*, 293 F.3d at 133 (encouraging court "to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted").

II. **Proposed *amicus curiae* has substantial interests in this case and its brief presents matters relevant to the resolution of Plaintiffs' Motion for a Preliminary Injunction.**

Proposed *amicus* the Jewish Coalition for Religious Liberty has "stated an 'interest in the case.'" JCRL is a nondenominational organization of Jewish communal and lay leaders who seek to protect the ability of all Americans to freely practice their faith and to foster cooperation between Jewish and other faith communities in the public square. JCRL has an interest in protecting religious organizations against unlawful discrimination and exclusion—and in particular in protecting Jewish institutions and communities from suffering such discrimination. Especially given the number of Jewish communities who gather and worship in buildings of historic significance, JCRL has an interest in ensuring that programs like Morris County's are equally open

3

and accessible to all people and all organizations, regardless of their religious beliefs.

Moreover, JCRL's proposed "brief is 'relevant' and 'desirable' since it alerts the [court] to possible implications of" its decision. *Neonatology Associates*, 293 F.3d at 133. The brief details the significant burdens imposed by the exclusion of religious organizations from historic preservation programs and the resulting harm to their communities as a whole and especially those most in need. These burdens are plainly relevant to this Court's consideration of Plaintiffs' request for preliminary relief. *See* Pls.' Br. in Opp. to Mot. to Stay and in Support of Mot. for Prelim. Inj. (Dkt. 49-1) at 33-34 (discussing irreparable harm to Plaintiff Churches).

## CONCLUSION

For these reasons, the Jewish Coalition for Religious Liberty respectfully requests that this Court grant it leave to appear as *amicus curiae* in this case and to file the attached brief in support of Plaintiffs' Motion for a Preliminary Injunction.

5

Dated: June 11, 2024                                    Respectfully submitted,

/s/ Michael S. Carucci

| | |
|---|---|
| MICHAEL S. CARUCCI | MEREDITH H. KESSLER* |
| SILLS CUMMIS & GROSS P.C. | NOTRE DAME LAW SCHOOL |
| ONE RIVERFRONT PLAZA | RELIGIOUS LIBERTY CLINIC |
| NEWARK, NJ 07102 | 1338 BIOLCHINI HALL |
| mcarucci@sillscummis.com | Notre Dame, IN 46556 |
| Telephone: (973) 643-7000 | mhollan4@nd.edu |
| | Telephone: (574) 631-8722 |

*Counsel for Amicus Curiae*
\* *Pro hac vice* application pending

## CERTIFICATE OF SERVICE

I certify that on June 11, 2024, I electronically filed the foregoing motion and accompanying papers with the Clerk of the U.S. District Court for the District of New Jersey. Counsel for all parties will be served via CM/ECF.

Dated: June 11, 2024                             Respectfully submitted,

                                                 */s/ Michael S. Carucci*