

89 HEADQUARTERS PLAZA
SUITE 1425
MORRISTOWN, NJ 07960
PHONE:  973-993-3131
Fax: 973-993-3132

WILLIAM G. JOHNSON
Email:Bill@gjohnsonlaw.com

CLIFFORD A. JOHNSON
(1929-2005)
GEORGE W. JOHNSON
(1965-2022)

July 3, 2024

**Via ECF**
Honorable Evelyn Padin, U.S.D.J.
District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

**Re:  Mendham Methodist Church v. County of Morris**
      **Case No.: 2:23-cv-02347-EP-JSA**

Dear Judge Padin:

As your file reflects, I represent Defendants Morris County, New Jersey, the Morris County Board of County Commissioners, the Morris County Historic Preservation Trust Fund Review Board and John Krickus (hereinafter, "Morris County") with respect to the above-captioned matter.  Please accept this correspondence, in lieu of a Brief, with respect to the pending Motion for a Preliminary Injunction that has been filed by Plaintiffs Mendham Methodist Church and Zion Lutheran Church Long Valley.

As the Court may be aware, prior to the decision by the New Jersey Supreme Court in Freedom From Religion Foundation v. Morris

Honorable Evelyn Padin, U.S.D.J.
Re:  Mendham Methodist Church v. County of Morris
July 3, 2024
Page 2

County Board of Chosen Freeholders, 232 N.J. 543, 181 A.3d 992 (N.J. 2018) ("FFRF"), Morris County accepted applications to the Historic Preservation Trust Fund (the "Fund") and issued grants to approved applicants regardless of whether the funds were for properties used for religious purposes or functions.  In FFRF, Morris County took the position that it should be permitted to continue to do so.  Id. at 564, 181 A.3d at 1003-1004.  After FFRF was decided, Morris County amended the rules of the Fund in accordance with the decision.  Currently, properties that are used for religious purposes or functions are ineligible to apply for grants from the Fund.  Consistent with its position in FFRF, Morris County would welcome applications to the Fund for properties used for religious purposes or functions, consistent, of course, with its obligations to act in accordance with the applicable provisions of the United States Constitution, the New Jersey Constitution and all applicable legal precedent.  With respect to the Plaintiffs' application for a preliminary injunction, Morris County leaves that decision to the determination of the Court.

In weighing the merits of the Plaintiffs' application, the Court may wish to be aware that applications to the Fund are received and evaluated on an annual instead of a rolling basis.  There is currently no opportunity for applicants to apply for the

2024 funding round as the deadlines have passed.  Consistent with past practices, it is anticipated that the deadline for submission of applications for the 2025 funding round will be in late March of 2025 and that the award of grants will take place in early July of 2025.

In addition to the above information, Morris County has concerns with respect to the implementation of the Plaintiffs' proposed form of Order, should the Court grant the preliminary injunction.  The language in the proposed Order preliminary enjoins Morris County "from enforcing Section 5.6.4 of the Morris County Historic Preservation Trust Fund Rules and Regulations, or any substantively identical rule, to exclude Plaintiffs from eligibility for funding, from the Morris County Historic Preservation Trust Fund, pending a final resolution of this case." If the Plaintiffs' motion is granted, the Plaintiffs would appear to be the only beneficiaries of the Court's ruling based on the quoted language.  If that is the case, Morris County is concerned that other potentially eligible applicants may object to continuing to be excluded from making applications to the fund. Morris County is also concerned whether grant recipients would be required to return funds, should Morris County issue grants to the Plaintiffs and the Court's decision granting the preliminary

Honorable Evelyn Padin, U.S.D.J.
Re:  Mendham Methodist Church v. County of Morris
July 3, 2024
Page 4

injunction be subsequently reversed. When FFRF was decided, the New Jersey Supreme Court specifically noted that the decision would apply prospectively and that grant recipients would not have to return any previously awarded grants. Id. at 580, 181 A.3d at 1013.

Should the Court grant Plaintiff's Motion for a Preliminary Injunction, Morris County is prepared to implement the decision of this Court and thanks the Court for its consideration of its concerns.

    Respectfully submitted,

    JOHN A. NAPOLITANO,
    MORRIS COUNTY COUNSEL

By: /s/ *William G. Johnson*
    William G. Johnson, Esq.
    Special County Counsel

WGJ/dv
Cc: All Attorneys of Record – Via ECF